## Derr et ux. v. Hunsicker et ux.

*Ralph W. Barthold,* for petitioners.
*Mauch & Goodman,* for respondents.

LAUB, P. J., May 6, 1946.—This is a rule obtained by defendants on plaintiffs to show cause why the above proceeding in equity should not be discontinued or satisfied of record, and why the cost of discontinuance or satisfaction of said proceeding, and the cost of the proceedings subsequent to the filing thereof, should not be paid by plaintiffs. To this rule a responsive answer was filed.

We are of the opinion that the instant rule is not the proper way in which to obtain from said court the relief intended to be obtained by surviving defendant.

The only pleading on the part of a defendant in equity other than an answer raising preliminary objections to a bill is an answer on the merits: 8 Standard Pa. Practice 208, §284.

It has been held that under the Supreme Court Rules of Equity Practice the pendency of a prior suit in equity or at law constitutes a bar to a subsequent action and must be pleaded in the answer: Walsh v. New Tioga Leader B. & L. Assn., 16 D. & C. 180; 8 Standard Pa. Practice 209, §284.

Therefore, the alleged agreement of settlement referred to in the petition for the rule and set forth more fully in some of the record papers must be pleaded by way of answer under the specific hearing "New Matter", in accordance with Rule 52 of the Pennsylvania Supreme Court Equity Rules promulgated May 30, 1924, accompanied by a prayer for such relief as surviving defendant deems herself entitled to under the pleadings. (See also aforesaid Rule 52.)

The record shows that some preliminary motions have been disposed of by said court and no answer being filed by defendants, or the survivor of them, to the bill in equity, a decree pro confesso was taken by plaintiffs. Rule 51 of said Pennsylvania Supreme Court Equity Rules sets forth how such decree pro confesso may be vacated and defendant permitted to answer over, upon cause shown, etc.

We suggest to counsel for surviving defendant that he promptly apply to said court that said decree pro confesso be vacated, complying with Rule 51 as aforesaid. Upon the opening of such decree pro confesso, the counsel for surviving defendant will be allowed 15 days in which to file his answer to the bill, setting up the agreement of settlement under the specific heading "New Matter", and praying for the relief surviving defendant deems herself entitled to under the pleadings, in compliance with the aforesaid Rule 52.

Where the Supreme Court Rules of Equity Practice prescribe the remedy to be followed, such rule must be complied with.

And now, May 6, 1946, the rule to show cause why the above proceedings in equity should not be discontinued or satisfied of record, and why the cost of discontinuance or satisfaction of said proceedings, and the cost of the proceedings subsequent to the filing thereof, should not be paid by said plaintiffs is discharged.